IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

In Re:

JOSEPH W. HIGGINS,

            Complainant.

**MEMORANDUM
AND ORDER**

This matter is before the court on review to determine if the complainant is attempting to file a lawsuit and, if so, whether the documents received by the court state any valid claim.[1] Very liberally construing Higgins' submissions, he asserts Nebraska's United States Attorney has failed to act and, as such, he is entitled to present evidence before a grand jury, regarding the following allegations:

- Judge Bernstein, a Newark, New Jersey state court judge, has committed and continues to commit acts of alleged corruption by unlawfully terminating Latasha Solomon's parental rights, (Filing No. 66, at CM/ECF p. 1), selling children, (Filing No. 66, at CM/ECF p. 2), and placing Solomon's children in unsuitable and dangerous foster care facilities for personal profit, (Filing No. 63, at CM/ECF p. 1);[2]

- The governor of Missouri and the prosecutors before the Ferguson, Missouri grand jury failed to obtain an indictment for the death of a black person in Ferguson, Missouri, (Filing No. 71, at CM/ECF pp. 1-2);

---

[1] Higgins' documents do not name a defendant and do not specifically request court action. As such, copies were filed in the court's pro se correspondence file but no lawsuit was opened.

[2] From Higgins' documents, it could be inferred that Higgins is the father of Solomon's children, but his parental or visitation rights were terminated by Judge Bernstein based on allegations that Higgins threatened to cut off the children's fingers. Higgins denies any threats against the children.

Higgins seeks the death penalty against Judge Bernstein. "I want to put Judge Bernstein to Death. . . , [because] his acts caused death of kids [and are] part of a nationwide conspiracy that killed a former congressmen Nancy Schaefer." (Filing No. 56-1, at CM/ECF p. 5).

- The United States Department of the Army has participated in a racially discriminatory and unlawful conspiracy by refusing to correct Higgins' military record and denying his application for military benefits, (Filing No. 71, at CM/ECF p. 3, 5);

- The Veteran's Administration has unlawfully denied Higgins' claim for benefits allegedly owed for service-related Post Traumatic Stress Disorder, (Filing No. 56-1, at CM/ECF p. 7-12; Filing No. 73, at CM/ECF p. 1);

- Higgins' landlord has harassed and threatened to evict Higgins for failure to timely pay his rent when, in fact, the rent was paid, (Filing No. 72, at CM/ECF p. 2);

- The Omaha Housing Authority lowered or failed to pay Higgins' housing benefits in retaliation for Higgins' alleged dispute with his landlord, (Filing No. 56-1 at CM/ECF p. 13); and

- County attorneys in Colorado engaged in race and gender discrimination and retaliation by prosecuting Higgins and, among other things, obtaining an order requiring Higgins to pay child support for a daughter despite genetic evidence proving Higgins is not the child's father, (Filing No. 56-1, at CM/ECF pp. 2-5).

Liberally construing the pro se submissions, Higgins claims Nebraska's United States Attorney and her staff have refused to do their job. Higgins asserts the right to present his allegations against Judge Bernstein, the Colorado courts and county attorneys, the Missouri governor and prosecutors before the Ferguson, Missouri grand jury, the Army, and the VA before a Nebraska federal grand jury. Higgins may also be claiming the right to appear before a federal grand jury and secure indictments against the Nebraska United States Attorney's office for dereliction of duty in failing to pursue indictments as requested by Higgins.

If Higgins's submissions are construed as a criminal complaint, his claim must fail. As Higgins has been previously told, "Higgins may refer his complaint to the United

States Attorney's Office," Higgins v. Neal, 52 F.3d 337 n. 3 (10th Cir. 1995), but "private citizens cannot prosecute criminal actions." Id.  The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys.  United States v. Bryson, 434 F. Supp. 986, 988 (W.D. Okla. 1977) (collecting cases).  "[I]t is today beyond all reasonable doubt that 'the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties,' (Nagy, 2012 WL 1858983, at *2), and federal courts lack the power to direct the filing of criminal charges." Mikhail v. Kahn, 991 F. Supp. 2d 596, 636 (E.D. Pa.) aff'd, 572 F. App'x 68 (3d Cir. 2014).  See also, In Smith v. U.S., 2013 WL 2154004 (D. Mass. 2013) (dismissing "criminal complaints" against the prosecuting attorney and the court because a private citizen cannot file a criminal complaint in federal court and the court cannot require the government to initiate criminal proceedings); Robbins v. Smith, 2013 WL 2471589 (M.D. Pa. 2013) (dismissing a private plaintiff's criminal complaint because the authority to initiate a criminal complaint rests exclusively with federal prosecutors); Skudnov v. Cabinet for Health and Family Services, 2013 WL 1403492 (W.D. Ky. 2013) dismissing a private plaintiff's criminal claims because a private citizen has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts); Shannon v. Johnson, 2013 WL 1564223 (M.D. Tenn. 2013) (refusing to consider an inmate's criminal charges against justice system defendants because the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors); Bordock v. Dollar General, Inc., 2013 WL 555877 (M.D. Tenn. 2013) (holding that to the extent that the plaintiff's complaint appeared to petition the court to initiate federal criminal prosecutions, the complaint failed to state claims upon which relief can be granted).

If Higgins's submissions are construed as a civil complaint for an order allowing him, or requiring the United States Attorney, to present his allegations before a Nebraska

grand jury, the complaint must fail.  First, Higgins has not paid the requisite civil filing fee or filed a motion to pursue this case in forma pauperis.[3]

And even if Higgins had paid a filing fee, or the court was willing to consider the current allegations sufficient to show his inability to pay such a fee (particularly those sections discussing his disability, and his lack of employment and housing), pursuant to 28 U.S.C. § 1915, the court may review an in forma pauperis complaint prior to service and "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Higgins's submissions do not and cannot state a claim upon which relief could be granted.  "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."  Parkhurst v. Tabor, 569 F.3d 861, 867 (8th Cir. 2009) (quoting United States v. Batchelder, 442 U.S. 114, 124 (1979) and holding an assault victim's parents lacked standing to bring § 1983 suit for alleged failure to prosecute.).  See also, Bauermeister v. Kor Xiong, 440 F. App'x 521 (8th Cir. 2011) (affirming the Nebraska district court and holding a private plaintiff cannot force criminal prosecution).[4]

Higgins has not initiated a lawsuit.  His submissions do not request any specific relief against anyone.  He has failed to pay the requisite filing fee or request in forma pauperis status to file a civil lawsuit.  And, even liberally construed, his submissions fail

---

[3] Higgins is not currently an inmate, and is not subject to the Prison Litigation Reform Act.

[4] In addition, as to many if not all of the claims raised, Higgins lacks standing; this court either lacks jurisdiction or venue; the court should or must abstain; and the judges, prosecutors, governor, and grand jurors can raise immunity defenses, including absolute, sovereign, and qualified immunity.

to present a cognizable criminal complaint or a civil complaint for which relief could be granted.

Accordingly,

*IT IS ORDERED:*

1)   *The clerk shall file Higgins's submissions as a separate case directly assigned to the undersigned judge as supervising pro se judge.*

2)   *Higgins' claims are dismissed in their entirety.*

3)   *Judgment will be entered accordingly.*

March 23, 2015.

BY THE COURT:

*s/Richard G. Kopf*
Senior United States District Judge
Supervising Pro Se Judge